UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN EDMISTEN,<br><br>   Plaintiff<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>   Defendant | Case No.: 3:21-cv-00232-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**<br><br>Re: ECF Nos. 1, 1-1 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $1.53, and his average monthly deposits were $16.67.

Plaintiff's application to proceed IFP should be granted. Plaintiff is required to pay an initial partial filing fee in the amount of $3.33 (20 percent of $16.67). Thereafter, whenever his

prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint is against the Internal Revenue Service (IRS). Plaintiff alleges that on two occasions he applied for Covid-19 stimulus checks under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act): the first was for $1,200, and the second was for $1,400. He alleges that the IRS did not process his requests.

The CARES Act, codified in part at 26 U.S.C. § 6428, was implemented to address a variety of issues related to the onset of the Covid-19 pandemic. Among other things, it

established a tax credit for eligible individuals in the amount of $1,200 ($2,400 for filing a joint return), plus $500 multiplied by the number of qualifying children. 26 U.S.C. § 6428(a). The credits are referred to as Economic Impact Payments (EIPs).

On May 6, 2020, the IRS published responses to "Frequently Asked Questions" (FAQ) on the IRS.gov website, where the IRS said that an incarcerated person did not qualify for the EIP: "A payment made to someone who is incarcerated should be returned to the IRS by following the instructions about repayments…." *Scholl v. Mnuchin*, 489 F.Supp.3d 1008, 1022 (N.D. Cal. Sept. 24, 2020) (citation omitted). On June 18, 2020, the IRS updated its internal procedures manual to reflect this policy statement. *Id*. A June 30, 2020, treasury report noted that some of the millions of payments issued under the CARES Act had been sent to incarcerated individuals. *Id*. IRS gave taxpayer identification numbers for incarcerated persons to the Bureau of Fiscal Service and asked that they be removed from subsequent payments. *Id*. The IRS issued guidance that those who received the payments should repay the advance to the IRS or void the check. *Id*. at 1023. The IRS also directed state corrections officials to intercept payments made to incarcerated individuals and return them to the IRS. *Id*.

A class action lawsuit was filed in the Northern District of California that sought to enjoin the policy of excluding incarcerated individuals from receiving EIPs based on their incarcerated status alone. *Scholl*, 489 F.Supp.3d at 1023.

The Northern District of California's Chief Judge, Phyllis J. Hamilton, determined that the IRS violated the Administrative Procedures Act (APA) when it made a final decision to not provide EIPs to incarcerated individuals. *Scholl v. Mnuchin*, 494 F.Supp.3d 661 (N.D. Cal. Oct. 14, 2020). Chief Judge Hamilton also concluded that there was a waiver of sovereign immunity under the APA. In *Scholl*, Chief Judge Hamilton entered the following declaratory

relief: "[T]itle 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated [and] … the defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law." *Scholl*, 494 F.Supp.3d at 692. The policy was vacated and a permanent injunction was entered enjoining the defendants from withholding benefits under 26 U.S.C. § 6428 from any class member on the sole basis of their incarcerated status. *Id*. at 692-93. Chief Judge Hamilton directed the IRS to reconsider payments to those who are entitled based on information available in the IRS' records, "from whom benefits have thus far been withheld, intercepted, or returned on the sole basis of their incarcerated status." *Id*. at 693. The court took no position as to whether the class members were in fact owed the payments. *Id*. at 691. Instead, it was "incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an 'eligible individual' and meets the various criteria delineated in the Act." *Id*.

      As a result of this injunction, the IRS changed its policy, stating that it cannot deny a payment for the first EIP to someone who is incarcerated if they meet the other criteria. *See* https://www.irs.gov/newsroom/questions-and-answers-about-the-first-economic-impact-payment-topic-a-eligibility, last visited August 17, 2021. If the individual was not required to file a federal income tax return for 2018 or 2019 and could not be claimed as a dependent on someone else's tax return, for either of those years, the person had until November 4, 2020, to mail the 2019 simplified paper return in order to get the first EIP. That deadline has now passed. *Id.*

      Congress authorized a second round of EIPs in a supplemental appropriations act, effective December 27, 2020, in the amount of $600 for individuals, and $1,200 for those filing a

6

joint return, and $600 for each qualifying child. 26 U.S.C. § 6428A. For the second EIP, the IRS states that an individual cannot be denied the EIP solely because the person is incarcerated. Incarcerated individuals may have been issued a payment if all eligibility requirements were met and the individual filed a 2019 tax return that was processed by the IRS. https://www.irs.gov/coronavirus/second-eip-faqs#Eligibility, last visited August 17, 2021.

The American Rescue Plan Act was signed into law in 2021, which authorized a third EIP in the amount of $1,400 to eligible individuals ($2,800 for filing a joint return), plus $1,400 for each dependent. 26 U.S.C. § 6428B. The IRS started processing these payments in March of 2021, and will continue to process them throughout 2021. https://www.irs.gov/newsroom/questions-and-answers-about-the-third-economic-impact-payment, last visited August 17, 2021. Again, individuals will not be denied the third EIP solely because they are incarcerated. *See* https://www.irs.gov/newsroom/questions-and-answers-about-the-third-economic-impact-payment-topic-b-eligibility-and-calculation-of-the-third-payment, last visited August 17, 2021. If the person filed the 2020 tax return, no further action is needed. If the person does not have a filing requirement for 2020 and the person filled out a 2019 tax return, or used the non-filers tool on IRS.gov last year or are a federal benefit recipient and does not have a spouse or qualifying dependents that are new in 2020, no further action need be taken. All others must file a 2020 tax return. https://www.irs.gov/newsroom/questions-and-answers-about-the-third-economic-impact-payment-topic-a-general-information, last visited August 17, 2021.

Finally, those who did not get the first two rounds of EIPs, or got less than the full amounts, may be eligible to claim those funds under the 2020 Recovery Rebate Credit. To do so, the person must file a 2020 tax return, even if not required to file. *See* https://www.irs.gov/newsroom/recovery-rebate-credit, last visited August 17, 2021. Incarcerated

individuals will not be denied the Recovery Rebate Credit solely because they are incarcerated. *See* https://www.irs.gov/newsroom/recovery-rebate-credit-topic-b-eligibility, last visited August 17, 2021.

In cases after *Scholl* where inmates have sought court intervention in obtaining EIPs pursuant to the CARES Act, Chief District Judge Hamilton has held that to the extent the plaintiff claimed he was denied his EIP due to his incarcerated status, he is already a member of the *Scholl* class, and is not entitled to separate relief. *See e.g. Vaughn v. U.S. Dep't of Treasury*, 2021 WL 3373280, at *3 (N.D. Cal. Aug. 3, 2021). She also concluded that the plaintiff was not entitled to an order compelling the IRS to provide the EIPs pursuant to *Scholl* or the CARES Act because the court had not taken a position on whether individual incarcerated persons were entitled to the EIP. *Id*. Furthermore, she found that funds could no longer be distributed under the CARES Act since the deadline had passed for the issuance of such funds. *Id*.

Plaintiff's complaint includes sparse allegations that he timely put in for Covid-19 stimulus checks, a first installment of $1,200 and a second installment of $1,400[1], and the IRS refuses to process his tax filings. These amounts correspond to the first and third EIPs.

Plaintiff does not allege that he was otherwise eligible for the first EIP or what he did to apply for the EIP and when. Nor does he specifically state whether his claim was denied, and if so, why. Instead, he only alleges that that the IRS refuses to process his tax filings. As Chief Judge Hamilton noted, the court cannot effectuate the relief Plaintiff seeks under the CARES Act for the first EIP, as the deadline for disbursement of funds under the CARES Act has passed.

---

[1] Plaintiff identifies these as the first and second installments, but appears to be referencing the first and third EIPs, and not the second EIP which was for $600 for individuals.

Therefore, Plaintiff's claim that the IRS has not processed his tax claim for the first EIP should be dismissed with prejudice.

Moreover, Plaintiff does not cite any particular federal law or statute he claims was violated, other than generally referring to "Tax Codes" and the CARES Act. It does not appear that a private cause of action can be maintained under the legislation authorizing the disbursement of these funds. The laws do not indicate that there is a private cause of action for non-receipt of funds. *See e.g. Comcast Corp. v. Nat. Ass'n of African Am. Owned Media*, 140 S.Ct. 1009, 1015 (2020) (citation and quotation marks omitted) ("[W]e have come to appreciate that, like substantive federal law itself, private rights of action to enforce federal law must be created by Congress and raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals.")

Plaintiff's remedy, it seems, with respect to the first EIP, is to apply for the funds under the 2020 Recovery Rebate Credit. As to the third EIP, the IRS has indicated that it will continue processing the third EIP claims throughout 2021, so it is possible if he was otherwise eligible, and properly applied, that the claim has simply not been processed yet. In other words, Plaintiff's recourse is through the IRS and not the courts.

For these reasons, Plaintiff's complaint should be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1); however, Plaintiff is required to pay, through NDOC, an initial partial filing fee in the amount of $ 3.33 within thirty days of the entry of any order adopting and accepting this Report and Recommendation. Thereafter, whenever his prison account exceeds $10, he is required to make monthly

payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 19, 2021

William G. Cobb
United States Magistrate Judge