UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JUSTIN EDMISTEN, | Case No. 3:21-cv-00232-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| INTERNAL REVENUE SERVICE, | |
| Defendant. | |

**I.  SUMMARY**

*Pro se* Plaintiff Justin Edmisten, who is currently incarcerated at Ely State Prison ("ESP"), brings this action under the CARES Act for failing to disburse covid-19 stimulus checks to him. (ECF No. 1-1.) Edmisten has filed an application to proceed *in forma pauperis*. (ECF No. 1 ("IFP Application".) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate William G. Cobb (ECF No. 3), recommending the Court grant Edmisten's IFP Application, file his Complaint, and dismiss it with prejudice. Edmisten filed an objection to the R&R. (ECF No. 4 ("Objection").) Because the Court agrees with Judge Cobb's screening analysis of Edmisten's Complaint and as further explained below, the Court will adopt the R&R in its entirety.

**II.  BACKGROUND**

The Court incorporates by reference Judge Cobb's recitation of Plaintiff's allegations in the Complaint provided in the R&R, which the Court adopts. (ECF No. 3 at 4-9.)

**III.  LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is

required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 4.)

**IV.   DISCUSSION**

After reviewing Edmisten's certified account statements, Judge Cobb found that Edmisten has sufficiently demonstrated he is unable to pay the filing fee. (ECF No. 3 at 2-3.) The Court agrees, and will grant Edmisten's IFP application.

Judge Cobb further recommends the Court dismiss Edmisten's Complaint with prejudice. Edmisten seeks credits, often referred to as economic impact payments ("EIPs") under the CARES Act. (*Id.* at 4.) Judge Cobb construed Edmisten's Complaint as referencing the first and third rounds of EIP disbursals, in the amounts of $1,200 and $1,400, respectively. (*Id.* at 8.) Judge Cobb then reasoned that although incarcerated individuals may or may not be eligible to receive EIPs under the CARES Act, as explained in *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020), the Court cannot order payment under the first round of EIPs because the deadline for disbursal has passed.[1] (*Id.* at 8.) As to the third round of EIPs, Judge Cobb notes that the IRS has indicated it will continue to process claims throughout 2021, and that Edmisten must seek his remedy from the IRS. (*Id.* at 9.) Moreover, Judge Cobb reasoned, the law does not indicate that there is a private cause of action under the CARES Act for non-receipt of funds, and the Complaint fails to explain what federal law or statute Edmisten believes was violated. (*Id.*) The Court agrees with Judge Cobb's reasoning.

Moreover, Edmisten does not explain what part of the R&R he objects to. Instead, he reiterates in the Objection that he is a qualifying candidate for the stimulus payments and the IRS is obligated to distribute the payments to qualifying individuals. (ECF No. 4.) That may be so, but it does not change the fact that the deadline for the first round of EIP

---

[1]Judge Cobb explains in the R&R that Edmisten may have a remedy through the 2020 Rebate Credit by filing a 2020 tax return (ECF No. 3 at 7-8), but further notes that remedy is available from the IRS, not the Court (*id.* at 9).

disbursement has passed, and the third round has not yet concluded. Because Edmisten's Complaint does not explain what laws he alleges the IRS has violated and the Court is unable to provide relief under the Complaint as alleged, the Court will dismiss the Complaint with prejudice.

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Edmisten's objection (ECF No. 4) to the Report and Recommendation of U.S. Magistrate Judge William G. Cobb is overruled. The Report and Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 3) is accepted in its entirety.

It is further ordered that Edmisten's application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that Plaintiff is required to pay an initial partial filing fee in the amount of $3.33 within 30 days of the entry of this order. Pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall proceed to pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Justin Edmisten, # 1047583 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is directed to send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee still will be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

The Clerk of Court is directed to file the complaint (ECF No. 1-1).

It is further ordered the complaint is dismissed with prejudice and without leave to amend.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 20th Day of September 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE